## CALDWELL vs. LAWRENCE.

APPEAL FROM CIRCUIT COURT, RACINE COUNTY.

Heard October 20, 1859.]                    [Decided January 4, 1860.

### Lien—Assignment.

The lien of the mechanic, lumberman, &c., for work and materials, is a personal right, and cannot be transferred or assigned, so as to enable the assignee to prosecute the claim in his own name and avail himself of the benefit of the lien given against the building.

This was an action commenced by Eben E. Caldwell against Judah M. Lawrence, to enforce a lien for lumber furnished by Lansing Bicknell, a lumber merchant, to Lawrence, and used in the construction of a dwelling house. The amount had been determined between Bicknell and Lawrence, and a note for $71 51 given for its payment; and Bicknell filed his lien under the statute for the amount; but before suit brought, assigned the note to Caldwell, who now brings this suit. To the complaint filed there was a general demurrer. This demurrer was overruled, and the defendant was then defaulted for want of an answer; and the cause was referred to a commissioner, who reported that the lumber had been furnished and used, and its value. Upon this report judgment was rendered for the damages and costs, and declaring the lien and directing its sale.

From so much of the judgment as declares the lien, the defendant appealed to this court.

*Cary, Farr & Evans,* for the appellant.

*Geo. B. Judd,* for the respondent.

*By the Court,* PAINE, J. Without attempting to determine any of the other questions discussed in the briefs of counsel, we think so much of the judgment as is appealed from, must be reversed, for the following reason: It was a proceeding to

enforce a lumber merchant's lien, prosecuted by the respondent in his own name, he being an assignee of the claim. And we have come to the conclusion that such a lien is not assignable, so as to enable the assignee to prosecute the claim in his own name, and avail himself of the lien given by the statute to mechanics and material men. There is nothing in the general statute on the subject making such liens assignable, nor is there anything expressly prohibiting it. But it gives the right to the mechanic, or the one who has furnished the materials. It provides that he may file his petition or claim, and contemplates, through all its provisions, that he is the one to avail himself of the privileges which it gives. The general rule is, that a lien is a personal right and cannot be transferred. *Daubigny vs. Duval,* 6 T. R., 604. And it seems to have been modified only to the extent of allowing the party to transfer the property to another for his own benefit, and to hold as his agent, so that the lien may be preserved, *Urquhart vs. McIver et al.,* 4 John., 102 ; *McCombe vs. Davies,* 7 East., 5.

The legislature seem to have taken the same view of the statute that we have, for last winter they passed a law amending the general law, by providing that any number of persons having liens may assign their claims to one of their own number, and that such assignee may have the benefit of the lien granted by the act. Laws of 1859, chap. 113. This shows that a special provision was considered necessary to enable any assignee to have such benefit, and implies that no other assignee is entitled to it now.

The case of *Pierson vs. Tincker,* 36 Maine, 384, is exactly in point, and sustains our conclusion. And although it would seem that the question would have frequently occurred, we have not found any other case where it has been decided.

For the reason stated, so much of the judgment as is appealed from, is reversed with costs and the case remanded.