WALTER M. BROWN, Respondent, *against* KATHERINA W. ZEISS and J. D. KURTZ CROOK, AS ADMINISTRATORS, &c., *et al.*, Appellants.

(Decided April 5th, 1880.)

Under the provisions of the New York Mechanics' Lien Act of 1875 (L. 1875, c. 379, § 7),—that "except as provided in the fourth section, the lien shall attach, from the time of the filing of the claim, to all the right, title and interest which the owner then has in the property therein described, to the extent of the liability of such owner for the claim preferred,"—no lien can be obtained by filing a claim after the death of the owner of the property. Section 4 of the act refers merely to the priority between liens, and to the extent of the owner's right, title and interest as affected by prior liens and incumbrances. And the provisions of section 3,—that "the land . . . . shall be subject to the liens, if at the time the work was commenced, or the materials for the same had commenced to be furnished, the land belonged to the person who caused such building, improvement, or structure to be constructed," &c.,—cannot be construed to make the lien attach from the time the laborer begins his work, or the material-man begins to furnish materials, in view of the express provision of section 7, that the lien shall attach from the time of filing the claim ; besides which, section 3 is open to the construction that it is intended to provide for the cases in which the land, or an interest in the land, as distinguished from the building upon it, shall be subject to the lien.

APPEAL from a judgment of this court overruling demurrers to a complaint.

The action was brought to foreclose an alleged mechanic's lien, for materials furnished by the plaintiff, from June 7 to October 25, 1879, for the construction of fences and sheds upon which the lien was claimed, to George H. Zeiss, who was at the time the lessee, for a term of five years, of the land on which the structures were erected. On November 4, 1879, George H. Zeiss died; and the defendants, Katherina W. Zeiss and J. D. Kurtz Crook, were appointed and qualified as administrators of his estate on November 11, 1879. On November 21, 1879, the plaintiff filed his claim, under the Mechanic's Lien Act of 1875, to a lien on the lease, fences and

other structures and buildings, for the foreclosure of which lien this action was brought. The administrators of Zeiss, above named, demurred to the complaint, which set forth the facts above stated, on the ground of insufficiency; and the defendants, John Rheinfrank, Frederick Wagner, and Henry Ganzenmuller, who had purchased the property from the administrators, and who were made parties as having an interest in the premises, appeared separately and also demurred to the complaint on the same ground. At the hearing at special term, the demurrers were overruled, and judgment ordered for plaintiff, with leave to the defendants to withdraw their demurrers and put in answers; and, upon the failure of the defendants to answer within the time allowed, judgment of foreclosure and sale was entered for the plaintiff. From this judgment all the defendants appealed.

*Edward T. Bartlett*, for appellants.

*John L. Brower*, for respondent

J. F. DALY, J.—The lien act (§ 7) provides that, except as provided in the fourth section of the act, the lien shall attach from the time of the filing of the claim to all the right, title, and interest which the owner then has in the property therein described, to the extent of the liability of such owner for the claim preferred. Unless the 4th section of the act makes the lien relate back to the time of the commencement of the lienor's work, or the furnishing of his materials, or to any period prior to the actual filing of the notice, the lien will be cut off, if, at the time of filing the notice, the premises have vested in another by grant, or by operation of law, as in the case of the death of the contracting owner (*Meyers* v. *Bennett*, 7 Daly, 471).

The 4th section of the act contains no such provision, but simply declares that the lien "provided for in this act shall be preferred to any lien, mortgage, or other incumbrance of which the lien-holder had no notice, and which was unrecord-

ed at the time of filing of the claim referred to in the next section."

It will thus be seen that the only exception to the general provision in section 7, as to when the lien shall attach, refers to the extent of the owner's right, title, and interest, as affected by prior liens and incumbrances. Nothing contained in the 4th section justifies the conclusion that when the owner has parted with all right, title and interest in the premises a lien subsequently filed attaches to anything.

The express provision of the 7th section as to when the lien shall attach, *i. e.*, from the time of filing, should be construed as expressing the clear intention of the legislature, notwithstanding that a different intent may be inferred from a preceding section.

Section 3 of the act does admit of such an inference, as it provides that "the land . . . shall be subject to the liens, if at the time the work was commenced or the materials for the same had commenced to be furnished (*sic*) the land belonged to the person who caused said building, improvement or structure to be constructed, altered or repaired, but if such person owned less than a fee simple estate in such land then only his interest therein shall be subject to such lien." But with an express provision that the lien shall attach from the time of filing the claim (§ 7), we have no right to declare judicially that it shall attach from the time the laborer begins his work on the premises, or the material-man commences to furnish materials.

The 3d section is, besides, open to the construction that it is intended to provide for the cases in which the land, or an interest in the land, as distinguished from the building upon it, shall be subject to the lien of the mechanic who is hired by the owner of the *building* or his agent, to furnish labor or materials upon such building. The first section of the act provides for a lien on the building, the third section for a lien on the land, or the interest in it possessed by the owner of the building who authorizes the work.

The judgment should be reversed and judgment given for defendants, sustaining their demurrers, with costs.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment reversed, and judgment ordered for defendants, with costs.