AARON P. BATES, APPELLANT, *v.* LIDGERWOOD MANU-
FACTURING COMPANY, RESPONDENT.

*Action of ejectment — evidence of admissions of former owners not admissible unless
they tend to show a legal title in the plaintiff.*

In an action of ejectment the plaintiff alleged title in the Fiber Disintegrating Company, the recovery of a judgment against that company, and the sale on execution to the plaintiff of the premises described in the complaint; the answer denied that the title was in the Fiber Disintegrating Company, the execution debtor, and set up affirmatively the defendant's claim of title, and alleged that at the time of the recovery of the judgment against the Fiber Disintegrating Company, one Robert W. Russell was the owner in fee of the premises.

Upon the trial the plaintiff, who offered no proof to show either title or possession in the Fiber Disintegrating Company, offered, but was not allowed, to put in evidence a decree and judgment-roll, in chancery in the State of New Jersey, in the suit of *Ogilby* v. *Fiber Disintegrating Company and Robert W. Russell,* by which it was adjudged that the company was the equitable owner of the property in dispute, the answer of the defendant Russell in that case admitting the allegations of the bill of complaint.

*Held,* that while such admissions were, like other declarations of owners in posses-
sion of realty, good evidence as to title, yet, as the facts set forth in the bill of com-
plaint offered in evidence showed either that the Fiber Disintegrating Company
was in possession, holding under a contract of sale, or that it stood in the relation
of one who had advanced the consideration for a conveyance made to another, in
either of which cases it had no title capable of being sold on execution under the
laws of this State, that the evidence was properly excluded, as the facts alleged
in the bill, and admitted by the answer, did not tend to show any title in the
plaintiff.

APPEAL from a judgment in favor of the defendant, entered after
a trial in the Kings County Circuit. in the office of the clerk of
Kings county on May 20, 1888.

*A. P. Bates,* for the appellant.

*Harriman & Fessenden,* for the respondent.

PRATT, J.:

This is an action in ejectment. The complaint alleges title in the
Fiber Disintegrating Company, the recovery of a judgment against
that company and the sale, on execution, to the plaintiff of the prem-
ises in question. The answer denied title in the execution debtor
and set up affirmatively the defendant's claim of title. It is ele-
mentary law that in ejectment a plaintiff (unless he connects his
title with a prior possession) must recover on the strength of his
own will and not on the weakness of that of his adversary. It is
also settled law that production of a deed without proof of posses-
sion under it or possession in the grantor, is not sufficient evidence
of title to put the defendant on his defense. (*Dominy* v. *Miller,*
33 Barb., 386.) Upon the trial the plaintiff offered no direct proof
to show either title or possession in the Fiber Company; but the
answer alleged the fact that at the time of the recovery of the judg-
ment, one Robert W. Russell was the owner in fee of the premises.
This fact the plaintiff, therefore, had the right to assume. The
plaintiff then offered in evidence a decree and judgment-roll of
chancery in the State of New Jersey in the suit of *Ogilby* v. *Fiber
Disintegrating Company and Robert W. Russell,* by which it was
adjudged that the company were the equitable owners of the property
in dispute. This was excluded by the trial court. That the decree of
the Court of Chancery in New Jersey could have no extra-territorial
effect is unquestionable. But the defendant Russell answered, admit-

ting the allegations of the bill of complaint. Such admissions, I think, were like other declarations of one in possession of realty, good evidence of title. The complaint and answer were, therefore, improperly excluded, if the facts alleged in the bill, and admitted, tended to show title in the plaintiff, but we think they did not.

The facts set forth in the complaint showed either that the Fiber Company was in possession, holding under contract of sale, or that it stood in the relation of one who had advanced the consideration for a conveyance made to another. In either case it had no title capable of being sold on execution. As to the first, the provision of the Revised Statutes is (1 R. S., 744, § 4) that the interest of a person holding a contract for the purchase of lands shall not be sold under execution. (*Sage* v. *Cartwright,* 9 N. Y., 49; *Griffin* v. *Spencer,* 6 Hill, 525.) In the latter case, while a trust is raised in favor of creditors, the creditor must resort to a court of equity, he cannot sell the land on execution. (*Garfield* v. *Hatmaker,* 15 N. Y., 475.) The evidence was, therefore, properly excluded, and he failed to show any title to the judgment-debtor. The complaint was properly dismissed.

Judgment should be affirmed, with costs.

Present — BARNARD, P. J.; PRATT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.