ABEL R. HIGGINS, Respondent, *v.* ABIGAIL McCONNELL, Appellant, Impleaded, etc.

*Interest of a purchaser in a contract of sale of land — is not subject to levy under an attachment or an execution — Code of Civil Procedure, secs. 644, 645, 1253.*

The interest of a purchaser in a contract for the purchase of real property is not subject to sale under an execution, issued on a judgment recovered against such purchaser, in an action in which an attachment has been issued and a levy has been made thereunder upon the debtor's interest in said contract.

Section 644 of the Code of Civil Procedure permits the levying of an attachment only upon property "not exempt from levy and sale by virtue of an execution;" and section 1253 provides that "the interest of a person holding a contract for the purchase of real property is not bound by the docketing of a judgment, and cannot be levied upon or sold by virtue of an execution issued upon a judgment."

Section 645 of the Code of Civil Procedure, authorizing the levying of a warrant of attachment upon any interest in real property capable of being aliened by the defendant, does not remove the restrictions imposed by sections 644 and 1253, nor did it change the rule previously existing to the effect that the equitable interest in question was not subject to a levy either by attachment or by execution.

Appeal by the defendant Abigail McConnell from an interlocutory judgment, entered in the office of the clerk of Steuben county on the 16th day of October, 1889, overruling a demurrer interposed to the complaint.

*De M. Page*, for the appellant.

*J. F. Parkhurst*, for the respondent.

DWIGHT, P. J. :

The action was brought to determine conflicting claims of title to the interest of the purchaser in a contract for the purchase and sale of lands, and for specific performance of the contract. The sufficiency of the complaint depends upon the question whether such interest is subject to sale on execution after judgment against such purchaser in an action in which an attachment had been issued and proceedings taken thereon as in case of the levy of an attachment.

We regard the statute as conclusive against the theory of the complaint. Section 644 of the Code of Civil Procedure permits the levy of an attachment only upon property "not exempt from levy and sale by virtue of an execution;" and section 1253 provides that "the interest of a person holding a contract for the purchase of real property is not bound by the docketing of a judgment, and cannot be levied upon or sold by virtue of an execution issued upon a judgment."

Counsel for the plaintiff, conceding that no lien is acquired upon the interest in question by the docketing of the judgment merely, argues that, a lien having been previously acquired by the way of an attachment, that lien may be enforced by sale on execution after judgment; and for the right to levy an attachment on such interest, he relies upon section 645 of the same statute. That section provides that "the real property which may be levied upon by virtue of a warrant of attachment, includes any interest in real property, either vested or not vested, which is capable of being aliened by the defendant." This was a new provision introduced by the Code of Civil Procedure, and was evidently intended, as indicated by the Reviser's note to the section, to extend the provisions of section 644 to all cases of alienable *legal* title or interest in lands, though not vested. It did not remove the restrictions imposed by sections 644 and 1253, nor change the rule which existed under the Revised Statutes and the Code of Procedure, to the effect that the equitable interest in question was not subject to levy either by attachment or by execution, and could be reached by a creditor only by proceedings in the nature of a creditor's bill after judgment and the return of an

execution unsatisfied. (*Sage* v. *Cartwright*, 9 N. Y., 49; 1 R. S., 744, § 4.)

For the reason stated we consider the plaintiff's complaint radically defective and the demurrer well taken

The interlocutory judgment should be reversed, the demurrer allowed and judgment ordered for the defendant thereon, dismissing the complaint.

Macomber and Corlett, JJ., concurred.

Interlocutory judgment reversed and judgment ordered for the defendant on the demurrer dismissing the complaint, with costs.