MITCHELL VANCE CO. *v.* DAIKER *et al.*

(*Common Pleas of New York City and County, General Term.* June 6, 1892.)

MECHANICS' LIENS—OWNER—CONTRACT TO PURCHASE.

The vendee in a written contract for the sale of land, who is not in possession, is not an "owner" within the mechanic's lien law, (Laws 1885, c. 342,) § 1, which defines the "owner" on whose consent to the performance of the services or the supply of materials a valid lien may be acquired to be either the owner of the fee or of a less estate, or a lessee for a term of years, or a vendee in possession under a subsisting contract of sale, or the owner of some right, title, or interest which may be sold under execution; and section 5, providing that the owner who has made an agreement to sell shall continue to be the owner until the actual delivery of the deed to the vendee.

Appeal from third district court.

Action by the Mitchell Vance Company against Mina Daiker, impleaded, and others. From a judgment dismissing the complaint against defendant Daiker in an action to foreclose a mechanic's lien claimed pursuant to Laws 1885, c. 342, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*James S. Stearns*, for appellant.  *Joseph Fettretch*, for respondent.

BISCHOFF, J. Except in a case of manifest injustice, this court will not reverse the judgment of a district court on questions of fact which were determined upon conflicting evidence, and for the purposes of this appeal, therefore, we must assume that the justice below determined the fact of defendant Daiker's oral consent to the performance of the services and the supply of the materials for which the lien was claimed against the appellant, and in favor of the respondent. *Weiss* v. *Strauss*, (Com. Pl. N. Y.) 14 N. Y. Supp. 776. The facts undisputed, however, on the trial, and upon which appellant predicates its claim that the dismissal of the complaint against the defendant Daiker was error, were that on September 6, 1890, defendants Burchell & Hodges were copartners in business, and joint owners of the premises 1384 Amsterdam avenue in the city of New York; that on the day mentioned they entered into an agreement in writing for the sale and conveyance of the premises, inclusive of the gas fixtures, (then remaining to be supplied,) to the defendant Daiker; that after the making of that agreement, plaintiff, at the request of Burchell & Hodges, and upon their promise to pay therefor, equipped the premises with the necessary gas fixtures, and in so doing rendered services and furnished materials of the aggregate value of $109.09; that such services and materials were not fully rendered and furnished until November 7, 1890; that on October 28, 1890, Burchell conveyed his interest in the premises to his partner, Hodges, who, by deed dated and recorded November 11, 1890, conveyed the entire premises to defendant Daiker; and that on December 3, 1890, plaintiff caused its notice of lien to be filed against defendants Burchell, Hodges, and Daiker, of which notice was given to each of them within the time required by law. The fact that the agreement between Burchell & Hodges and Daiker for the sale of the premises to the latter required the vendors to supply the gas fixtures intended for use therein is relied upon by appellant as evidence of defendant Daiker's consent to the performance of the services and the supply of the materials above mentioned, within the meaning of the mechanic's lien law, (Laws 1885, c. 342.)

Assuming that the defendant Daiker did consent to the supply of the gas fixtures by the plaintiff, still it does not follow that the notice of lien was effective as against her. Section 1 of the mechanic's lien law, referred to, defines the "owner" upon whose consent to the performance of the services or the supply of materials a valid lien may be acquired for the amount due therefor to be either the owner of the fee or of a less estate, or a lessee for a term of years, or a vendee in possession under a subsisting contract of sale, or the owner of some right, title, or interest which may be sold under execution; and the undisputed facts stated above fail to show that defendant Daiker was either. The owners of the fee, at the time when plaintiff's services were performed or its materials furnished, were Burchell & Hodges, and defendant Daiker's interest in the premises was that of a mere vendee, which could not be sold under execution,—*Bates* v. *Manufacturing Co.*, (Sup.) 3 N. Y. Supp. 307; *Higgins* v. *McConnell*, (Sup.) 9 N. Y. Supp. 588; and it does not appear that defendant Daiker was in possession. *Rollin* v. *Cross*, 45 N. Y. 766; *Otis* v. *Dodd*, 90 N. Y. 336, and *Schmalz* v. *Mead*, 125 N. Y. 188, 26 N. E. Rep. 251, cited by appellant, are not authority for the claim made for it on this appeal. *Rollin* v. *Cross* was the case of a lien claimed under Laws 1862, c. 478, which did not define the "owner" whose interest could be subjected to the lien, and no more was held than that a vendee in possession at

the time services were performed and the materials furnished, and who subsequently acquired the fee, was an "owner" within the meaning of that act. In *Otis* v. *Dodd* it appeared that the owners of the land had leased it to another, who, pursuant to the terms of the lease, was required to build, and it was held that the owner's consent to the performance of work upon the building sufficiently appeared from the lease. So in *Schmalz* v. *Mead* the owner of the land had agreed to sell it under a contract by which the vendee was entitled to possession and required to build before he should become entitled to the delivery of the deed of conveyance to him, and the court decided that the facts established the owner's consent to the performance of work upon the buildings which the vendee had undertaken to erect.

Section 5 of the mechanic's lien law (Laws 1885, c. 342) still further provides that the owner who has made an agreement to sell the premises shall, for the purposes of the act, continue to be the owner until the actual delivery of the deed to the purchaser. Thus Burchell & Hodges were the owners up to October 28th, and from that time Hodges, up to November 11th, when defendant Daiker became the owner by delivery and record of the deed to her. Hence defendant Daiker could not, in the sense of "owner," have consented to the performance of services and the supply of materials by plaintiff prior to the time she became such. The judgment appealed from should be affirmed, with costs. All concur.