(7 Misc. Rep. 403.)

TUBRIDY v. WRIGHT.

(Common Pleas of New York City and County, General Term.   March 12,
1894.)

MECHANIC'S LIEN—WHEN ATTACHES—DEATH OF OWNER.
    Under Laws 1885, c. 342, § 5, providing that the lien shall be preferred
    to any conveyance, judgment, or other claim which was not docketed or
    recorded at the time of filing the notice of lien, a mechanic's lien filed

after the death of the owner of the premises does not attach to the interest of the heir or devisee, as such interest is not included in the enumeration in section 5.

Appeal from judgment on report of referee.

Action by William Tubridy against Stephen J. Wright. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and GIEGERICH, JJ.

Early & Prendergast, for appellant.

E. H. Moeran, for respondent.

PER CURIAM. We have repeatedly held that the right to file a mechanic's lien for materials furnished and labor performed upon a contract with the owner of a building terminates with his death, and that a lien filed subsequently does not attach to the building or land, or the interest of the heirs or devisees. Crystal v. Flannelly, 2 E. D. Smith, 583; Meyers v. Bennett, 7 Daly, 471; Brown v. Zeiss, 9 Daly, 240. These decisions were under former mechanic's lien acts, and the appellant now contends that they are not controlling under the act of 1885, c. 342, the benefit of which is claimed by the lienor here. This contention is based mainly upon the fifth section of the act, which provides that the lien filed under it shall be preferred, as prior to any conveyance, judgment, or other claim which was not docketed or recorded at the time of filing the notice of lien; and the argument is that, except as against recorded conveyances and claims and docketed judgments, the lien is to be preferred against every other claim whatsoever, the legislature intending to exclude all preferences over the lien not specified in the statute. This contention is disposed of by the decision in McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948, where the present lien act, and this particular section of it, were under consideration. The court held that the section gave the lien priority over unrecorded conveyances and undocketed judgments, etc., but that no other priorities are given by the act, and that where a creditor who, prior to the filing of the lien, has pursued the usual remedies for the collection of debts, and acquired a legal or equitable right to have the sum due from the owner for labor or materials applied in satisfaction of his claim, such right is not overreached by liens subsequently filed under the act. Upon this reasoning, it must be held that, the interest of the heirs or devisees of the deceased owner not being included in the section enumerating the claims over which the lien is to have priority, the lien filed subsequently to the vesting of their title is not to be preferred over it. As to the consent of the trustees to the completion of the plaintiff's work, that consent does not relate back so as to bind their estate for the work done under the consent of the former owner. Mitchell-Vance Co. v. Daiker, (Com. Pl. N. Y.) 19 N. Y. Supp. 378. The judgment is affirmed, with costs.