## Morris Beifeld v. International Cement Co.

1. VOLUNTARY ASSIGNMENTS—*Exceptions to Claims.*—The County Court has power to order joint exceptions to claims of creditors separated, and to allow amendments to such exceptions.

2. SAME—*Laborer's Wages—Preferences Not Assignable.*—The right of preference given to the claims of laborers or servants for wages is not assignable so as to enable the assignee to prosecute, in his own name, a suit for its enforcement in an assignment proceeding.

3. SAME—*Subrogation of Claims.*—A mere stranger or volunteer can not, by paying a debt for which another is bound, be subrogated to the creditor's rights in respect to the security given by the real debtor. But if the person who pays the debt is compelled to pay, for the protection of his own interests and rights, the substitution is to be made.

4. SAME—*Rights of Assignees of Claims for Labor.*—Assignees of laborers' claims are entitled to prove them up as a general creditor.

Voluntary Assignment.—Appeal from the County Court of Cook County; the Hon. RICHARD YATES, Judge, presiding. Heard in the Branch Appellate Court at the March term,' 1898. Reversed and remanded. Opinion filed December 23, 1898.

## STATEMENT.

Appellant filed with the assignee of one Armstrong two claims against the insolvent estate, one for breach of contract and the other for money expended to pay laborers employed by the insolvent under his contract with appellant, to which claims the appellee filed joint exceptions. The County Court having compelled appellee to elect which of the two claims it desired the exceptions to stand against, a hearing was had upon the exceptions to the claim for breach of contract. Judgment allowing the claim was entered, which judgment was affirmed in this court. International Cement Co. v. Beifeld, 67 Ill. App. 110.

The court gave leave " to separate the exceptions " and " to file separate exceptions," and directed the clerk " to file that part of the exceptions taken from the original exceptions as of January 11, 1895." After the first claim had been disposed of, as above stated, exceptions were accordingly filed against the claim of Beifeld to recover the amounts which he had paid to laborers employed by the insolvent Armstrong in the course of the performance of his contract, or so much of it as he did perform.

These exceptions were filed a year after the date of the filing of the original joint exceptions. Summons was issued against the appellant, which was duly served. He appeared and filed a plea setting up that the exceptions were not filed within thirty days after the report of claims filed by the assignee, as required by statute. The court denied appellant's motion to dismiss the exceptions, and upon hearing dismissed Beifeld's claim, and the latter appeals.

PAM, DONNELLY & GLENNON, attorneys for appellant.

DAVID S. GEER, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellant contends that the County Court had no jurisdiction of the exceptions filed by appellee, because they were not, it is said, filed within thirty days, and that therefore the plea should have been sustained and the exceptions dismissed.

The statute provides that exceptions to the claim or demand of any creditor of the assignor may be filed within thirty days after the filing of the report of the assignee containing a list of the creditors, "with a true statement of their respective claims." Thereupon the clerk is directed to cause notice to be given to the creditor whose claim is objected to, returnable at the next term of the County Court, "and the said County Court shall at the next term proceed to hear the proofs and allegations of the parties in the premises, and shall render such judgment thereon as shall be just, and may allow a trial by jury thereon."

The claims of the appellant herein grew out of a contract made by him with the insolvent, as a sub-contractor, for the mason work of a warehouse in process of erection. The claim now in controversy was for "$350 for money advanced by him to pay laborers employed by said Armstrong." It is stated that this sum was due at the time of the assignment, for labor performed by said laborers "within six months of the making of said assignment; that said laborers are entitled to a preference in said estate," and that the appellant "is entitled to a preference therefor, said claims having been assigned" to him by said laborers.

The appellee within thirty days filed "in the assignment proceedings its exceptions to all the claims and demands of Morris Beifeld herein," setting forth in detail certain specific objections to each, including the claim now under consideration. It is true that these exceptions were not in distinct and separate form filed against each of appellant's claims in separate covers as separate cases. But the exceptions themselves were specific, excepting to what is therein described as "said pretended preferred claim filed Decem-

Beifeld v. International Cement Co.

ber 13, 1894, for the sum of $350.85." When the matter came on for hearing, the County Court, having jurisdiction of appellant's claims and the exceptions thereto, properly, as we think, ordered the exceptions to the different claims to be separated, and gave leave to appellee to file separate exceptions to the claim now before us. This was done, and the court denied appellant's motion to dismiss the exceptions filed. In this we find no error. The court undoubtedly had jurisdiction of the subject-matter and the parties. While it is true that the new or amended exceptions to appellant's claim contained some allegations broader and more specific than were originally filed, yet they are substantially the same, and if they were not, the court had power under the statute to allow amendments as to other pleadings; and such was the practical effect of the order allowing separate exceptions to be filed and of the denial of appellant's motion to dismiss. The fact that a new summons was issued after the "separated" or amended exceptions were filed, or that the case was treated, as appellant alleges, as a new suit, did not divest the court of its jurisdiction originally acquired, nor change the rights of the parties.

It is further contended that the court erred in refusing to appellant the same right of preference upon the claims for wages assigned to him, which the laborer themselves would have had under the statute. The statute provides that "all claims for the wages of any laborer or servant which have been earned within the term of three months next preceding" the assignment, which are filed within three months thereafter, and allowed by the court, shall "be preferred and first paid to the exclusion of all other demands and claims: Provided, further, that such claims for wages of any laborer or servant shall recite upon their face that they are for such wages;" and when exceptions are taken the court, in adjudicating such claims, is required to find "that the claim so adjudicated and settled is for wages of such laborer or servant." Rev. Stat., Chap. 10 b, Sec. 6.

There is no serious doubt expressed that such claims for

wages filed by the laborer or servant himself are entitled to be preferred under this statute. But another question is presented when, as in the case at bar, the assignee of such claims seeks the benefit, in his own name, of the preference which the statute gives. It is said that such right of preference is statutory only, is purely personal to the laborer or servant, and not capable of assignment.

In the present case the appellant states his claim as " being for money advanced by him to pay the laborers who were employed by said Armstrong."

It appears that when the employes of the insolvent, engaged in doing the work under his contract, learned that the assignment had been made, they told appellant that they would not go on with the job unless they were paid. Appellant then told them to go on and he would pay them. He did so, taking an assignment of their claims, which were sworn to by the assignors.

Appellant's claim is then just what he states it to be "for money advanced." It does not recite upon its face that it is for wages, and clearly could not do so. He claims a preference merely as an assignee.

It has been held in this State, prior to the passage of the provision enacted in 1895, making claims for liens arising under the mechanic's lien act assignable and providing that proceedings to enforce them may be maintained by and in the name of the assignee (Rev. Stat., Chap. 82, Sec. 22), that such claims were not assignable. Said Mr. Justice Bailey, Phœnix Mut. Ins. Co. v. Batchen, 6 Ill. App. 621, 639, " We. think the lien given by the statute to a mechanic or material-man is so far a personal right that the proceeding to establish it, even if the right itself should be held to be assignable in equity, should be carried on in the name of the assignor rather than that of the assignee. Whether a mechanic's lien is assignable at all, is a question upon which the authorities are far from being harmonious. In C. & V. R. R. Co. v. Fackney, 78 Ill. 116, the Supreme Court of this State expresses a grave doubt as to whether the liens given by the statute upon the property of railway companies are

susceptible of assignment. In other States courts of the highest respectability have held that mechanics' liens are not assignable so as to enable the assignee to prosecute in his own name suits to establish and enforce them. Caldwell v. Lawrence, 10 Wis. 331; Pearsons v. Tincker, 36 Me. 384; Rollin v. Cross, 45 N. Y. 766. These authorities we are inclined to follow."

This statement is, we think, applicable to the preference given by the statute to a laborer or servant.

In view of the language of the statute we are of the opinion that the right of preference thereby given to the claim of laborers or servants for wages is not assignable so as to enable the assignee to prosecute in his own name in an assignment proceeding, a suit for its enforcement.

Neither do we think that appellant is entitled to the right of subrogation. It does not appear that he was under any necessity or obligation for his own protection, or that of any interest which he represented, to pay these claims. "In Hough v. Ætna Life Insurance Co., 57 Ill. 319, this court recognized and applied the doctrine that a mere stranger or volunteer can not, by paying a debt for which another is bound, be subrogated to the creditor's rights in respect to the security given by the real debtor. But if the person who pays the debt is compelled to pay for the protection of his own interests and rights, then the substitution should be made." Young v. Morgan, 89 Ill. 199, 203.

The payment in this case was not at the request, express or implied, of the insolvent or his assignee. At the most, it involved only the convenience of appellant, in case he should be compelled to hire other laborers to take the place of any who would abandon the job.

We are of the opinion, however, that appellant is entitled to prove up these claims as assignee of the laborers, and to have them allowed if the proof shall warrant. The judgment of the County Court is therefore reversed and the cause remanded.