WILLIAM TUBRIDY, Appellant, *v.* STEPHEN J. WRIGHT et al., as Executors, etc., Respondents.

The right to file a mechanic's lien under the Lien Law of 1885 (Chap. 342, Laws of 1885) terminates with the death of the owner; and so, for work done prior to such death under a contract made with the owner, the contractor cannot acquire a lien by filing a notice thereof after such death.
Reported below, 7 Misc. Rep. 403.

(Argued January 22, 1895; decided January 29, 1895.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made March 12, 1894, which affirmed a judgment in favor of defendants entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lawrence E. Prendergast* for appellant. Plaintiff's right to file a mechanic's lien did not terminate with the death of

Samuel Wright. (Laws of 1885, chap. 342; *Cornell* v. *Barney*, 94 N. Y. 394; Laws of 1862, chap. 478; Laws of 1873, chap. 479; *Watts* v. *Yuengling*, 125 N. Y. 1; *Anderson* v. *Dillaye*, 47 id. 678.)

*William J. Leitch* for respondents. The title of the defendants, having accrued prior to the filing of the mechanic's lien, is superior thereto. (*McCorkle* v. *Herman*, 117 N. Y. 297; *Spink* v. *Roberts*, 139 id. 193; *Stevens* v. *Ogden*, 130 id. 182.) Upon the death of Samuel O. Wright the title to his real property passed to his heirs or devisees. The plaintiff's right to file a mechanic's lien for materials furnished and labor performed with the consent of said Samuel O. Wright terminated with his death. (*Brown* v. *Zeiss*, 9 Daly, 240; *Myers* v. *Bennett*, 7 id. 471; *Chrystal* v. *Flannelly*, 2 E. D. Smith, 583.) The Lien Act having specially provided for the cases in which the mechanic's lien should have precedence over a prior accruing right or interest, the court is not at liberty by construction to add to the number of the preferences. (*Spink* v. *Roberts*, 139 N. Y. 193; *Stevens* v. *Ogden*, 130 id. 182.)

HAIGHT, J. This action is brought to foreclose a mechanic's lien. It appears that one Samuel O. Wright, in his lifetime, was the owner of seven houses in the course of erection in the city of New York; that he entered into a contract with the plaintiff to do the plumbing therein for the sum of $11,000; that the plaintiff entered upon the performance of his contract, and had nearly completed the same when the work was postponed, by the mutual consent of the parties, until further direction by Wright. Shortly thereafter Wright died, leaving a will whereby he devised his property to the defendants in trust. The defendants then called upon the plaintiff to complete his contract, which was done; and thereafter, within the ninety days prescribed by the statute, he filed a lien against the property for the sum of $2,557.70, the amount then remaining unpaid upon his contract.

The referee found that the value of the work done by the plaintiff, under the direction of the defendants, was the sum of $60, for which amount he ordered the usual judgment, and refused to include the balance of the plaintiff's claim.

The question presented upon this review is as to whether the plaintiff acquired a valid lien upon the property for the work done under the contract prior to the death of the defendants' testator.

It has been held that, upon the death of the owner of real property, the title passes to his heirs at law or devisees, and that the right to file a mechanic's lien for materials furnished and labor performed terminates with his death. (*Crystal* v. *Flannelly*, 2 E. D. Smith, 583; *Meyers* v. *Bennett*, 7 Daly, 471; *Brown* v. *Zeiss*, 9 id. 240; *Leavy* v. *Gardner*, 63 N. Y. 624.) It is contended, however, that these decisions were made under other statutes and were based upon special language incorporated therein, and that they should not be regarded as decisive of the question now presented.

The statute under which the plaintiff sought to perfect his lien is chapter 342 of the Laws of 1885. Section 1 of the act gives to the person performing the work or furnishing material used in the erection of any building, etc., with the con sent of the owner, a lien to the extent of the owner's interest therein, not, however, exceeding the amount remaining unpaid upon the contract. Section four gives him the right to file his lien at any time during the performance of the work or the furnishing of the materials, or within ninety days after the completion of the contract. Section five provides that " the liens provided for in this act shall be preferred as prior liens to any conveyance, judgment or other claim which was not docketed or recorded at the time of filing the notice of lien prescribed in the fourth section of this act," etc.

The statute under which *Brown* v. *Zeiss* (*supra*) was decided, provided that " the liens provided for in this act shall be preferred to any lien, mortgage or other incumbrance of

which the lienholder had no notice and which was unrecorded at the time of the filing of the claim," etc.

It will be observed that the only material change in the statute is the incorporating therein the word " conveyance ; " and it is not apparent how this affects the construction of the statute as to the question under consideration. No provision is found in the statute giving the claimant the right to acquire a lien after the death of the owner.

Mechanics' liens are created by the statute, and whilst the law should receive a liberal construction, so as to secure the beneficial purpose had in view by the legislature, yet, as it creates a remedy unknown to the common law, it may not be extended to cases not fairly within its general scope and purview. (*Spruck* v. *McRoberts*, 139 N. Y. 193 ; *Stevens* v. *Ogden*, 130 id. 182 ; *McCorkle* v. *Herrman*, 117 id. 297.)

It may be claimed that the equities in favor of the lienor are as strong after the decease of the owner as in his lifetime, but the difficulty is, that upon his death the rights of the general creditors intervene, who are entitled to have the entire estate, if necessary, devoted to the payment of their claims.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.