## FIRST NAT. BANK OF BOWIE v. CONE et al .
### No. 14511.

Court of Civil Appeals of Texas. Fort Worth. April 16, 1943.

Rehearing Denied May 7, 1943.

J. W. Chancellor, of Bowie, for appellant.

Benson & Benson, Donald & Donald, and Joe H. Cleveland, all of Bowie, for appellees.

McDONALD, Chief Justice.

This suit involves an undertaking by appellant to assert a lien alleged to have been acquired by filing an abstract of a judgment. Judgment for the sum of $8,-938.67 was rendered in favor of appellant against C. C. Hutchison and another on October 31, 1932. C. C. Hutchison died on' January 15, 1933, and his widow was appointed administratrix of his estate on August 2, 1933. An abstract of said judgment was filed in the office of the county clerk of Montague County, the county in which the land in question lies, on June 10, 1934.

The effect of the judgment of the trial court was to deny appellant's claim of a judgment lien on the land in question. If his judgment was correct upon any proper theory of law, it should be affirmed.

Although other questions are raised on the appeal, we consider that the judgment must be affirmed for the reasons herein shown.

The abstract of the judgment was neither issued nor filed in the office of the county clerk until after C. C. Hutchison, the judgment debtor, had died, and after his widow had been appointed administratrix of his estate. At the time of his death the judgment was, therefore, merely an unsecured claim against his estate. Art.

3778, R.C.S., now Rule No. 625, Texas Rules of Civil Procedure, provides as follows: "If a sole defendant dies after judgment for money against him, execution shall not issue thereon, but the judgment may be proved up and paid in due course of administration."

In construing the above statute, our Supreme Court has said that a money judgment against a deceased defendant is a claim to be proved up and paid in due course of administration. Jenkins v. Cain, 72 Tex. 88, 10 S.W. 391. In Converse & Co. v. Sorley, 39 Tex. 515, it is said that the statute clearly implies that a judgment rendered against a person during his lifetime is no claim against his estate until it has been established as are other claims. The holding in Dent v. A. Harris & Co., Tex.Civ.App., 255 S.W. 221, is to the same effect. See, also, Simkins, Administration of Estates in Texas, 3rd Ed., § 193, p. 266; and 14 Tex.Jur. 36, 37. In the latter text it is said: "For, upon the death of a judgment debtor and an administration upon his estate, a judgment for debt only, without foreclosure of any lien on property, ceases to have the usual force of a judgment, and becomes merely a claim to be established in the same manner as other claims for money." This seems to be the general rule elsewhere. Freeman on Judgments, 5th Ed., § 1085a, p. 2255.

A sale under execution issued after the death of the judgment debtor, he having been alive at the time the judgment was rendered, is void in the sense that it is inoperative to pass title, and may be attacked either directly or collaterally. Grissom v. F. W. Heitmann Co., Tex.Civ. App., 130 S.W.2d 1054, writ of error refused; 14 Tex.Jur. 128, 129.

The filing of an abstract of judgment is ineffective after receivership proceedings have been begun and the property is in custodia legis. San Antonio Loan & Trust Co. v. Davis, Tex.Civ.App., 235 S.W. 612; Baylor University v. Chester Sav. Bank, Tex.Civ.App., 82 S.W.2d 738, writ of error refused.

In Clingman v. Hopkie, 78 Ill. 152, it is held that the filing of a transcript of the judgment, after the death of the judgment debtor, does not operate to fix a lien upon the property of the decedent. The Waco Court of Civil Appeals appears to recognize the same rule in Horton v. Gibson, 274 S.W. 292, and the same rule is indicated in 26 Tex.Jur. 384, 385.

If it be true that a judgment rendered against the debtor during his lifetime ceases to have the force of a judgment upon his death, and becomes merely a claim which must be presented to the administrator and prosecuted as any other money claim against the estate, we are not able to see that the judgment creditor could improve the status of his claim by a procedure had outside the course of the administration, that is, by the filing of an abstract of the judgment. It seems to us that the status of the claim, whether secured or unsecured, becomes fixed at the time of the death of the judgment debtor. The application of any other rule would impair the jurisdiction of the probate court over the property of the deceased and would interrupt the orderly administration of the estate.

We hold that the filing of the abstract of judgment after the death of the judgment debtor was ineffective to create a lien on the land belonging to his estate.

The judgment of the trial court is affirmed.