**HARMS et ux. v. EHLERS.**

No. 9436.

Court of Civil Appeals of Texas. Austin.

March 29, 1944.

Moss & Moss, of LaGrange, for appellants.

Jerome Sneed, Jr., of Austin, for appellee.

McCLENDON, Chief Justice.

This suit involves the sole question whether an abstract of judgment lien attaches to the homestead of the last surviving member of the family upon the death of such survivor, the homestead being his separate property and the judgment having been recovered against him and abstracted during his lifetime.

The homestead property was a tract of 1.9 acres and was the community property of H. Amberg and wife. The facts are concededly without dispute. The property was the homestead of the Ambergs for many years before 1937 and so remained until the death of the wife in 1937, when her community interest therein passed to H. Amberg by her will. After her death and until his death, March 18, 1941, it remained his homestead. No other member of the family survived him. His will was thereafter duly probated and his daughter, Edith Amberg Ehlers, was appointed and qualified as administratrix with the will annexed. May 26, 1937, two judgments were recovered against H. Amberg and were duly abstracted in the county where the 1.9 acres were situated, one in favor of Henry Harms, the other in favor of Henry Harms and wife for the respective principal sums of $2,739.55 and $3,786.16, besides interest and costs. The Harmses duly presented to the administratrix their verified claims against the estate predicated upon these judgments, and asserted their abstract of judgment liens upon the 1.9 acres. The administratrix allowed them as unsecured claims against the estate, but rejected the asserted abstract of judgment liens. The Harmses then brought this suit in the district court against the administratrix to establish their claims and asserted liens. The cause was tried to the court, and judgment was rendered establishing the claims as unsecured claims against the estate, denying the asserted abstract of judgment liens, and ordering that no execution issue, but that the judgment be certified to the probate (county) court for enforcement, "in accordance with law." The Harmses have appealed. In their brief they assert: "The only bone of contention by appellants and appellee is: Did the abstract of judgment catch the 1.9 acres of land at the time of the death of H. Amberg without any constituent member of his family." This, appellee concedes; and we concur in the view that

this is the only question the undisputed and admitted salient facts present.

The 1.9 acres being homestead at the time the judgments were abstracted and so continuing, without interruption until the death of H. Amberg, no abstract of judgment lien could or did attach thereto during his life. This is conceded.

Upon his death (there being no constituent member of the family him surviving) the title to the 1.9 acres vested eo instanti in his heirs or devisees, subject to the payment of his debts and subject to administration upon his estate, the same as any other property then owned by him. Texas Constitution, Art. 16, § 52, Vernon's Ann. St.; R.C.S. Art. 3314.

In this state "upon the death of a judgment debtor and an administration upon his estate, a judgment for a debt only, without the foreclosure of any lien property, ceases to have the usual force of a judgment, and becomes merely a claim to be established in the same manner as other claims for money." 14 Tex.Jur. pp. 36–37, § 289.

We think there can be no question but that the property of a decedent becomes upon his death a trust estate for the benefit of all his creditors, and that those who have not secured preferences by lien prior to his death cannot secure the same thereafter. Farmers' & Merchants' Nat. Bank v. Bell, 31 Tex.Civ.App. 124, 71 S.W. 570. The opinion in that case was a well considered one by the late distinguished Chief Justice Key of this court. A quite recent case upon this subject (opinion by Chief Justice McDonald of the Fort Worth court) is First Nat. Bank v. Cone, Tex. Civ.App., 170 S.W.2d 782, error refused. A case on all fours in principle with the instant case is Oakwood State Bank v. Durham, Tex.Civ.App., 21 S.W.2d 586.

We are clear in the view, and so hold, that the Harmses' abstracted judgments lost all their lien acquiring vitality upon the death of H. Amberg; that they thereupon became merely claims against his estate to be established in the same manner as other claims for money.

There is no distinction in principle between an abstract of judgment lien and a lien acquired by other legal proceeding, such as execution, attachment, garnishment, and the like. To be valid they must attach to the property of the debtor during his lifetime. Nor is there any distinction in principle between the lien acquiring vitality, after the death of the debtor, of a judgment against him abstracted before his death and one abstracted thereafter, or of the levy thereafter of an execution or attachment. They are all in the same category and upon the same level—void as a lien acquisitor.

The Harmses rely upon that line of cases that hold that upon abandonment of the homestead by a judgment debtor, liens of judgments theretofore abstracted attach as of the date of abandonment, the property being still owned by the judgment debtor. In this connection they quote the following isolated excerpt from Walton v. Stinson, Tex.Civ.App., 140 S.W.2d 497, error refused: "A duly recorded judgment lien against the owner of land which is exempt as homestead will nevertheless attach to the land when it ceases to be homestead, if it is then still owned by judgment debtor."

That was a case of abandonment, and the quotation was written with reference thereto. As such it is an accurate statement of a principle of homestead law now so well established in this state as to have become elementary. But there is an essential and controlling difference between loss of the homestead character of property by abandonment and termination of the homestead estate by death of the judgment debtor. In the former the judgment lien attaches to the abandoned homestead as of the date of abandonment just as it does to any property acquired by him subsequently to the date of abstracting as of the date of such subsequent acquisition. In the latter, the property ceases to be owned by the judgment debtor simultaneously with the termination of the homestead estate —that is at the instant of death. At that very instant the judgment (no lien having theretofore attached) loses its character as such and becomes an ordinary monetary claim, and the homestead property vests in his heirs or devisees, subject to administration and the payment of his debts.

In a supplemental brief the Harmses cite Engbrock v. Haidusek, 95 S.W.2d 520, by this court, error refused. There were several controlling questions decided in that case which have no application here. The only question there decided which has any bearing here was the well established (and here conceded) legal principle that upon the death of the last constituent member

**584**

of the family his title to the homestead property vests in his heirs subject to the payment of his debts, and not (as therein contended and held by the trial court) free of his debts. A detailed statement and analysis of the factual situation in that case would unduly encumber this opinion to no useful purpose.

The trial court's judgment is affirmed.

Affirmed.