**FLOURNOY DRILLING COMPANY, Appellant,**

v.

**Mildred Irene WALKER, Independent Executor of the Estate of James G. Walker, Deceased, Appellee.**

No. 13–87–125–CV.

Court of Appeals of Texas, Corpus Christi.

May 19, 1988.

Rehearing Denied June 16, 1988.

Parker Ellzey, Alice, for appellant.

Edmond R. McCarthy, Jr., Thomas O. Barton, McGinnis, Lochridge & Kilgore, Austin, for appellee.

Before NYE, C.J., and BENAVIDES and UTTER, JJ.

OPINION

BENAVIDES, Justice.

Appellant brings a unique appeal before this Court. The trial court held that notwithstanding the time allowed by statute, the time in which to secure a lien against mineral property terminates automatically with the death of the operator who contracted for the work. We disagree.

The facts are stipulated. James G. Walker was the operator of certain oil field lands. He hired appellant, the Flournoy Drilling Company, to drill for oil and gas, which appellant did. Walker died before full payment was made. After Walker's death and within the time permitted by Tex.Prop.Code Ann. § 56.021 (Vernon 1984), appellant filed an affidavit to secure its lien on the indebtedness and otherwise complied with the statutory procedure for perfecting the lien on mineral properties as provided in Chapter 56 of the Texas Prop-

erty Code. However, appellee, the independent executor of James Walker's estate, rejected appellant's claim as a secured claim, and appellant brought suit. The single issue before the trial court and now before us is whether or not the death of James G. Walker before the filing of the affidavit caused the asserted liens to be invalid.

The trial court rendered judgment that the liens were invalid, holding that appellant's ability to perfect the lien by filing an affidavit expired on the death of Walker, the debtor.

Neither party cites any controlling case law authority, nor are we able to locate any. Appellant simply argues that since he complied with the statutory provisions he is entitled to the lien, arguing the better policy would be to allow the lien; while appellee contends that this situation is sufficiently similar to a line of Texas cases favorable to its position that the lien should not be allowed. Appellee cites cases holding that upon the death of a judgment debtor, the judgment ceases to have the usual force of a judgment and becomes merely a claim to be established against the estate in the same manner as other claims. *Harms v. Ehlers*, 179 S.W.2d 582, 583 (Tex.Civ.App. —Austin 1944, writ ref'd); *see also Long v. Castaneda*, 475 S.W.2d 578, 584 (Tex.Civ. App.—Corpus Christi 1971, writ ref'd n.r. e.); *First National Bank v. Cone*, 170 S.W.2d 782, 783 (Tex.Civ.App.—Fort Worth 1943, writ ref'd). In other words, a judgment against an individual is a *personal* one and cannot simply be executed upon the judgment debtor's estate once he or she dies. Tex.R.Civ.P. 625. Instead, it must be presented to the executor or administrator like any other debt. *See* Tex.Prob.Code Ann. § 298 (Vernon 1980).

■ This line of authority is not applicable. The cited cases concern liens created by legal proceedings, such as execution, attachment and garnishment. *See Harms*, 179 S.W.2d at 583. A money judgment simply does not give the judgment creditor a secured lien against specific property of the debtor. When the judgment debtor dies, his estate is subject to the judgment debt, but it must be presented to the estate's representative as any other claim and is satisfied from the general funds in the estate. Execution on the judgment is not permitted, "but the judgment may be proved up and paid in due course of administration." Tex.R.Civ.P. 625.

■ In the case of a statutory lien, such as a mechanic's lien or oil and gas lien, however, the lien *is* secured, pursuant to statute;[1] tangible and particular property exists to which the lien affixes itself, unlike a money judgment which is to be generally satisfied out of any non-exempt property owned by the judgment debtor. This distinction is recognized in Tex.R.Civ.P. 626, which permits process to be issued against an estate's representative on judgments which are not money judgments and which were entered against the deceased before death.

In short, there is good reason to treat a statutory lien differently than a money judgment.

Appellee next contends that, under Tex. Prob.Code Ann. § 37 (Vernon Supp.1988), the death of a decedent triggers the *immediate* passage of the decedent's property to his distributees. Thus, appellee concludes, the status of appellant's lien became fixed at the instant of Walker's death as an *unsecured* claim, and the rights of the distributees cannot be subsequently altered by later attempting to perfect the lien.

■ Appellee's argument is not persuasive. Section 37 makes clear that a decedent's heirs who are entitled to property take the property subject to the debts of the estate. One of these debts in the instant case is for the work performed by appellant, which debt appellant is entitled to have secured by lien upon specified mineral property upon compliance with Chapter 56 of the Texas Property Code. We see no reason why the heirs could not take such property subject to the remaining time for the lien to be perfected.

1. Secured liens must also be timely presented.  Tex.Prob.Code Ann. § 306 (Vernon 1980).

Appellee next cites *Turbridy v. Wright*, 144 N.Y. 519, 39 N.E. 640 (1895), in which the New York Court of Appeals held that the right to perfect a mechanic's lien by filing terminated on the death of the owner who had contracted for the work. The court reasoned that since mechanics' liens were creatures of statute and did not exist at common law, the statute should be strictly construed; since it did not specifically provide that the lien could be filed after a debtor's death, the court did not allow the perfection.

We disagree with the *Turbridy* Court's rationale and holding. The Texas legislature specifically provided the time within which mineral contractors and subcontractors may perfect a lien upon particular oil and gas properties, leaseholds, and materials and supplies provided for mineral activities. The legislature could have provided exceptions or limitations to the time provisions, but did not do so; we are not persuaded to create such an exception and deny the specific liens allowed contractors and subcontractors.

Under section 56.021 of the Property Code, the legislature has provided six months from the date the indebtedness accrues in which the mineral contractor or subcontractor may file the lien in order to perfect it. Undoubtedly, the legislature intended the statute to promote and encourage the important oil and gas industry and facilitate the development of our mineral resources by providing contractors and subcontractors a lien, should they choose to perfect it, in the oilfield equipment they have installed and in the land itself. To permit the debtor's death to terminate the six-month time period would defeat that purpose.

We agree with the general statement contained in 53 Am.Jur.2d that "the better view is that the right to file a mechanic's lien does not terminate upon the death of the owner of the property...." 53 Am. Jur.2d *Mechanic's Lien* § 323 (1970).

Having properly perfected his lien pursuant to Chapter 56 of the Property Code, we hold that appellant has a valid and enforceable lien against mineral properties.

The judgment is REVERSED and RENDERED.