In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-09-00191-CV


 _____________________



CHINARA BUTLER, INDIVIDUALLY AND AS INDEPENDENT


 ADMINISTRATRIX OF THE ESTATE OF CHAD BUTLER, Appellant



V.



BYRON HILL D/B/A NOMAD, Appellee







On Appeal from the County Court


Jefferson County, Texas


Trial Cause No. 96118






MEMORANDUM OPINION



 This is an appeal from a turnover order in a probate matter. Byron Hill, doing
business as Nomad, obtained a default judgment in Georgia in 2001 against Chad L. Butler
and others. Butler died without a will in December 2007. In April 2008, Hill filed an
"Authenticated Claim" in the constitutional county court of Jefferson County, Texas, where
the probate of the Chad Butler estate was pending. Attached to the "Authenticated Claim"
was the Georgia court judgment against Chad Butler. 

 In August 2008, Butler's widow, Chinara Butler, was appointed independent
administrator of the estate. In September 2008, Hill filed a pleading entitled "Claim of Byron
Hill-Filing of Foreign Judgment" to which the "Authenticated Claim" and the accompanying
Georgia judgment were attached. 

 In December 2008, Hill filed a petition against Chinara Butler in her official capacity
as independent administrator. The petition contained the following allegations: that in
September 2008 Hill had filed the authenticated claim for money due from the estate in the
probate case in Jefferson County; that Butler did not allow or reject the claim within thirty
days after presentation; and that Hill then brought suit on the rejected claim. The petition
asked the constitutional county court to grant full faith and credit to the Georgia judgment
attached to Hill's petition. There has been no disposition of the December 2008 suit. 

 Nevertheless, on February 20, 2009, Hill filed an application for a turnover order in
the probate action. The turnover statute is purely procedural in nature; it does not provide
for determination of substantive rights of parties. See Tex. Civ. Prac. & Rem. Code Ann.
§ 31.002(a) (Vernon 2008); Cross, Kieschnick & Co. v . Johnston, 892 S.W.2d 435, 438
(Tex. App.--San Antonio 1994, no writ). The court held hearings on the turnover application
and granted the application in an order that includes the following provision:

 It is therefore ordered, that Defendants Butler, Sony, Sony BMG, Jive,
Zomba, ASCAP, UMPG, Bug Music, AARC, Rap-A-Lot, PFM, Chad Butler
Enterprises, Pimp C Enterprises and Monroe deposit into the Registry of the
Court all proceeds due to Defendant The Estate of Chad L. Butler that
Defendants have received prior to the date of this Order or will receive
subsequent to the date of this Order up to the principal amount of Three
Million and No/100 Dollars ($3,000,000.00) plus interest in the amount of
Two Million, Five Hundred Twenty-Five Thousand, Six Hundred Thirty-Eight
Dollars and 35/100 ($2,525,638.35) as of April 24, 2009, and accruing
thereafter at $834.25 per diem, from the following described property: 

 Rights, interest, proceeds, money and /or royalties due or owing to the
Estate of Chad L. Butler.


Appellant, individually and as administrator of the Estate of Chad L. Butler, filed this appeal
from the order.

 The turnover statute requires the judgment creditor to show that property owned by
the judgment debtor could not be attached readily or levied on by ordinary legal process and
that the property is not exempt from attachment, execution, or seizure for the satisfaction of
liabilities. Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a); Griswell v. Ginsberg Foreman,
843 S.W.2d 304, 306 (Tex. App. - Dallas 1992, no writ). We review the trial court's turnover
order under an abuse of discretion standard. See Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 226 (Tex. 1991). We may reverse a trial court for abuse of discretion only when we find
that the trial court acted in an unreasonable or arbitrary manner, or that it acted without
reference to any guiding rules and principles. Id. Appellant argues the record does not
support turnover relief. Whether evidence exists to support the turnover award is a relevant
consideration in determining if the trial court abused its discretionary authority in issuing the
order. Id. (1)

 The turnover statute permits a trial court to order the judgment debtor to turn over
nonexempt property that is in the judgment debtor's possession or control, including present
or future rights to property. See Tex. Civ. Prac. & Rem. Code Ann. § 31.002(B)(1); In re
Hamel, 180 S.W.3d 226, 229-30 (Tex. App.--San Antonio 2005, no pet.). As noted above, the trial court entered an order with regard to "all proceeds due to Defendant The Estate of

Chad L. Butler[.]" The record, however, does not support the trial court's turnover order.

 The Texas Probate Code contains provisions by which a judgment creditor may seek
to have a judgment against a decedent satisfied. See Tex. Prob. Code Ann. § 147 (Vernon
2003). In an independent administration, the enforcement of claims by suit is governed by
section 147:

 Any person having a debt or claim against the estate may enforce the payment
of the same by suit against the independent executor; and, when judgment is
recovered against the independent executor, the execution shall run against the
estate of the decedent in the hands of the independent executor which is
subject to such debt. The independent executor shall not be required to plead
to any suit brought against him for money until after six months from the date
that an independent administration was created and the order appointing an
independent executor was entered by the county court. 


Tex. Prob. Code Ann. § 147. In this case, Hill filed suit against the independent
administrator seeking to establish the debt against the estate. He attached to his petition the
Georgia default judgment he had obtained against Chad Butler in 2001. See Wolfram v.
Wolfram, 165 S.W.3d 755, 760 (Tex. App.--San Antonio 2005, no pet.) ("[A] suit seeking
to establish the decedent's liability on a claim and subject property of the estate to its
payment should be filed against the personal representative, or, under appropriate
circumstances, against the heirs or beneficiaries."). The enforcement of a judgment against
a deceased debtor is properly handled in the administration of the estate. See id. However,
as of the date of the filing of this opinion, Hill has not yet secured a judgment on his petition
against the administrator. Under the turnover statute, a trial court's turnover order is directed
at the "judgment debtor" to turn over the nonexempt property in the judgment debtor's
possession or control. On the record before this Court, Chinara Butler, individually or as
independent administrator, is not a judgment debtor with regard to the 2001 Georgia
judgment. 

 In First Financial. Resolution Enterprises, Inc. v. Moore, No. 05-04-01671-CV, 2006
WL 540326, at *1 (Tex. App.--Dallas Mar. 7, 2006, no pet.), the Fifth Court of Appeals
considered a claim involving a default judgment on a note. The judgment debtor died. The
judgment creditor assigned the judgment, and the assignee, First Financial, served the
independent executor (2) of the debtor's estate with an "authenticated secured claim" and a
copy of the default judgment. Moore, 2006 WL 540326, at *1. The executor disputed the
claim and filed suit seeking a declaratory judgment that any claim First Financial might have
against he estate was barred. Id. First Financial counterclaimed for a turnover order seeking
to enforce the default judgment. Id. The Fifth Court of Appeals explained, "Once a
judgment debtor dies, the judgment ceases to have the force of a judgment and becomes
merely a claim to be established against the estate in the same manner as other claims." Id.
at *2 (citing Flournoy Drilling Co. v. Walker, 750 S.W.2d 911, 912 (Tex. App.--Corpus
Christi 1988, writ denied)). The Fifth Court held that because the independent executor was
not a judgment debtor with respect to the judgment against the deceased debtor, the judgment
against the debtor would not support a turnover order against the executor. Id. 

 It is undisputed that Hill's petition against the independent administrator to enforce
payment of the 2001 Georgia judgment is still pending and without a judgment. It is also
undisputed that the turnover order at issue is supported solely by the 2001 Georgia judgment (3)
against the decedent, Chad Butler. Because Chinara Butler, individually and as the
independent administrator of Chad Butler's estate, is not a judgment debtor with respect to
the Georgia judgment, that judgment will not support the turnover order. See Beaumont
Bank, 806 S.W.2d at 224 (Turnover statute is purely procedural mechanism limited to
employment among parties to a final judgment.). 

 Finally, we note that at the time of the final hearing on the turnover application, the
inventory and the application for family allowance were on file with the court, but had not
been ruled on. In the order of priority of payment of claims under section 320 of the Probate
Code, the family allowance ranks second (behind the funeral expenses and expenses of last
sickness), with Hill's unsecured claim placed last on the priority list. See Tex. Prob. Code
Ann. § 320 (Vernon 2003), § 322 (Vernon Supp. 2009). (4) Under the present record, Hill has
further failed to demonstrate that the money he sought to have turned over was not exempt
from "attachment, execution, or seizure for satisfaction of liabilities" under the priority and
classification provisions of the Probate Code. See Tex. Civ. Prac. & Rem. Code Ann. §
31.002(a)(2).

 From our examination of the record, it is apparent that Hill failed to satisfy the
requirements for obtaining a turnover order, and the trial court abused its discretion in
rendering one. We sustain issue three. We reverse the trial court's order on the application
for turnover relief and remand the case. (5)

 REVERSED AND REMANDED. 

 

 DAVID GAULTNEY

 Justice 


Submitted on August 24, 2009 

Opinion Delivered December 17, 2009 


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. We consider issue three first, as it is dispositive of the appeal. 
2. See Moore v. First Fin. Resolution Enters., Inc., 277 S.W.3d 510, 511 (Tex. App.--Dallas 2009, no pet.).
3. There is a question as to whether the judgment is properly domesticated. We do not
address that issue as it is unnecessary to the disposition of this appeal, and the issue is not
fully briefed. 
4. Section 146 of the Probate Code provides that the independent executor "shall
approve, classify, and pay, or reject claims against the estate in the same order of priority,
classification, and proration prescribed in this code[,]" and "shall set aside and deliver to
those entitled thereto exempt property and allowances for support, and allowances in lieu of
exempt property, as prescribed in this Code, to the same extent and result as if the
independent executor's actions had been accomplished in, and under orders of, the court." 
Tex. Prob. Code Ann. § 146(a)(3), (4) (Vernon 2003).
5. In a separate opinion, we conditionally grant mandamus relief compelling transfer
of this contested probate case to the appropriate court. See Act of May 28, 2003, 78th Leg.,
R.S., ch. 1060, § 2, sec. 5(c), 2003 Tex. Gen. Laws 3052, 3053, repealed by Act of June 1,
2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279 (current version
at Tex. Prob. Code Ann. §§ 4C, 4E (Vernon Supp. 2009)).