

# NUMBER 13-20-00279-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PLATINUM ENERGY SOLUTIONS, INC.,
PLATINUM PRESSURE PUMPING, INC.,
WHITEBOX MULTI-STRATEGY PARTNERS, L.P.,
AND WHITEBOX CREDIT PARTNERS, L.P.,                    Appellants,

v.

LAZARUS OPERATING LLC,
JOHN ROBERT BEELER AND
BRENDA BEELER, INDIVIDUALLY
AND AS TRUSTEES OF THE
JOHN ROBERT BEELER AND
BRENDA BEELER TRUST,
JOHN ROBERT BEELER REVOCABLE TRUST
AND AS GENERAL PARTNER OF THE
BEELER NEYLAND FAMILY LIMITED
PARTNERSHIP, AND THE BEELER
NEYLAND FAMILY LIMITED PARTNERSHIP,                    Appellees.

On appeal from the 369th District Court
of Leon County, Texas.

# MEMORANDUM OPINION

## Before Justices Benavides, Longoria, and Tijerina
## Memorandum Opinion by Justice Longoria

Appellants Platinum Energy Solutions, Inc. (PES), Platinum Pressure Pumping, Inc. (PPP) (collectively, Platinum), Whitebox Multi-Strategy Partners, L.P., and Whitebox Credit Partners, L.P. (collectively, Whitebox) challenge the trial court's granting of summary judgment motions in favor of appellees Lazarus Operating LLC (Lazarus), John Robert Beeler and Brenda Beeler, Individually and as Trustees of The John Robert Beeler and Brenda Beeler Trust, John Robert Beeler Revocable Trust and as General Partner of the Beeler Neyland Family Limited Partnership and the Beeler Neyland Family Limited Partnership (the Beelers). By three issues, Platinum argues that the trial court erred by: (1) concluding that the mineral liens at issue attached only to the leasehold; (2) granting appellees' motions for summary judgment and concluding that Platinum's mineral liens were not subject to foreclosure; and (3) the Beelers' claims are barred by the statute of limitations and laches. We affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

In December 2012, PPP, a subsidiary of PES, contracted with Richland Resources Corporation (Richland), a working interest holder,[2] to provide fracking services to develop

---

[1] This appeal was transferred to this Court from the Tenth Court of Appeals in Waco by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts); 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

[2] A working interest is an operating interest under an oil and gas lease that provides its owner with the exclusive right to drill, produce, and exploit the minerals. *H.G. Sledge, Inc. v. Prospective Inv. & Trading Co., Ltd.*, 36 S.W.3d 597, 599 n. 3 (Tex. App.—Austin 2000, pet. denied).

the John Beeler #1H, John Beeler #2, and Ellis #1H wells. These wells are located on the Beelers' ranch where they currently live. According to Platinum, it issued three invoices to Richland totaling $5,419,320.64, which were not paid. As a result of Richland's failure to pay, Platinum filed mineral liens and recorded its statement and affidavit in support of the liens in Leon County. Platinum notified the Beelers of its intent to file such liens prior to filing. In June of 2013, Platinum sought foreclosure on its mineral liens and brought causes of action for breach of contract, sworn account, and quantum meruit against Richland and other defendants.[3] In December 2013, Richland filed for bankruptcy, which resulted in an automatic stay of Platinum's foreclosure action.

While the parties dispute its applicability to the underlying action, a settlement agreement was reached and approved by the bankruptcy court in February 2015. Subsequently, in February 2016, the Beelers filed an "Affidavit as to Termination of Lease," stating in part:

> There has been no production of oil and/or gas from the Lands for a period of over ninety (90) consecutive days. There have been no operations conducted on the Lands to obtain production under the terms of the Lease for a period of over ninety (90) consecutive days, as required by the terms of the Lease. The Lessors, their heirs, successors or assigns, have not received any form of payment related to an existing and currently active oil and gas well on the Lands, including but not limited to royalty or shut-in royalty payments for a period of over ninety (90) consecutive days.

In June 2016, after termination of the lease, the Beelers leased the subject wells to Lazarus. Amerril Energy, LLC, the new operator of Richland's Leon County assets post-bankruptcy settlement, informed the Texas Railroad Commission of the change in

---

[3] According to Platinum, due to a purported assignment of Richland's interest to Sun Delta, Inc., Steadfast Resources, LLC, Amerril Energy, LLC, and Glacier Financial Partners, Ltd., these companies were also named as defendants in the suit. They are not parties to this appeal.

responsibility of the wells to Lazarus.

Platinum assigned its claims to Whitebox in December 2016. In July 2017, a final decree was signed, closing Richland's bankruptcy proceeding. Platinum states that it did not receive any payment for its claim. In September 2018, appellants filed a supplemental petition, adding Whitebox as plaintiffs and Lazarus as an additional defendant, stating that plaintiffs "learned that the property owners re-leased the affected wells/mineral interests, without regard to Platinum's valid liens attaching thereto . . . ." The case was set for a bench trial; however, the day before trial, the Beelers intervened and filed a motion for continuance, which was granted.

The Beelers filed a motion for summary judgment, which Lazarus adopted. Appellants responded. The trial court granted the motions for summary judgment in March 2020, concluding in part that the mineral estate is not subject to foreclosure by Platinum's mineral lien. This appeal followed.

## II. SUMMARY JUDGMENT

### A. Standard of Review

The standards of review for traditional summary judgment are well known. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). The movant has the burden to demonstrate that no genuine issue of material fact exists and judgment should be rendered as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548–49. In reviewing a traditional summary judgment, we consider the evidence in the light most favorable to the nonmovant. *Nixon*, 690 S.W.2d at 548–49; *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). The movant for summary judgment has the burden of

4

showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon*, 690 S.W.2d at 548–49. In deciding whether a material fact issue exists, evidence favorable to the non-movant will be taken as true. *Id.* at 549. We credit evidence favorable to the nonmovant if a reasonable fact-finder could, and we disregard evidence contrary to the nonmovant unless a reasonable fact-finder could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

## B.    Applicable Law

Section 56.003 of the Texas Property Code identifies what property is subject to mineral liens:

> (a)    The following property is subject to the lien:
>
> (1)    the material, machinery, and supplies furnished or hauled by the lien claimant;
>
> (2)    the land, leasehold, oil or gas well, water well, oil or gas pipeline and its right-of-way, and lease for oil and gas purposes for which the labor was performed or material, machinery, or supplies were furnished or hauled, and the buildings and appurtenances on this property;
>
> (3)    other material, machinery, and supplies used for mineral activities and owned by the owner of the property listed in Subdivision (2); and
>
> (4)    other wells and pipelines used in operations related to oil, gas, and minerals and located on property listed in Subdivision (2).
>
> (b)    A lien created by performing labor or furnishing or hauling material, machinery, or supplies for a leaseholder does not attach to the fee title to the property.

TEX. PROP. CODE ANN. § 56.003.

5

## C.	Attachment to Leasehold

Appellants contend that Platinum's mineral liens attached to more than the leasehold, and the trial court erred in determining otherwise. Specifically, relying on *McCarty v. Halliburton Company*, appellants argue that § 56.003 "makes it clear the leasehold estate and the oil wells and equipment are subject to [mineral] liens." 725 S.W.2d 817, 821 (Tex. App.—Eastland 1987, writ ref'd n.r.e.). Appellants further direct this Court to a prior decision in which we stated that "mineral contractors and subcontractors may perfect a lien upon particular oil and gas properties, leaseholds, and materials and supplies provided for mineral activities." *Flournoy Drilling Co. v. Walker*, 750 S.W.2d 911, 912 (Tex. App.—Corpus Christi–Edinburg 1988, writ denied). While we agree that mineral liens *may* attach to the leasehold estate, we note that cases relied upon by appellants differ significantly from the case before us. Specifically, the underlying contract here was between Platinum and Richland, who held a working interest in the wells on which Platinum was contracted to do work. There was no contract between Platinum and the Beelers, the owners of the property. Section 56.003(b) is very clear that "[a] lien created by performing labor or furnishing or hauling material, machinery, or supplies *for a leaseholder does not attach to the fee title to the property*." TEX. PROP. CODE ANN. § 56.003(b) (emphasis added).

> We think that it is the settled law of this State that the lien accorded by [§ 56.003] [former] Article 5473 extends only to the property of the person under whose auspices the labor or material is furnished; it does not authorize the fixing of liens upon the property of third persons. Thus, if labor, supplies, machinery, or materials are furnished to a leaseholder, the lien accorded by [§ 56.003] [former] Article 5473 does not attach to the underlying fee title to the land.

6

*Bethlehem Supply Corp. v. Wotola Royalty Corp.*, 165 S.W.2d 443, 445 (Tex. 1942).

Providing no support or authorities, appellants appear to contend that because Platinum "provided services and materials for the benefit of the well (i.e., to develop it and cause it to produce oil in paying quantities)" and "[e]ach person with an interest in the oil and gas produced from the subject wells benefited from Platinum's work," its mineral lien could attach to the fee title to the property. *See* TEX. R. APP. P. 38.1(i) (appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). We find no case law to support an argument that the mineral lien can attach to the fee title when the mineral contractors, Platinum, performed work for someone other than the owner of the property. Accordingly, appellants' first issue is overruled.[4]

## D. Statute of Limitations

In their third issue[5], appellants argue that the Beelers' claims "are barred by the statute of limitations and the doctrine of laches." Appellants state that the Beelers had notice of Platinum's claims beginning in 2013 and did not intervene until 2019, "well after the statute of limitations lapsed." However, a cause of action under the Declaratory Judgment Act does not accrue until there is an actual controversy between the parties. *See Murphy v. Honeycutt*, 199 S.W.2d 298, 299 (Tex. App.—Texarkana 1946, writ ref'd). Aside from the assertion that the Beelers had notice of the liens in 2013, appellants do

---

[4] Having determined that Platinum's mineral liens did not attach to more than the leasehold, we need not address appellants' second issue arguing that the trial court erroneously concluded that Platinum's mineral liens were not subject to foreclosure. *See* TEX. R. APP. P. 47.1.

[5] We note that appellant broadly states that her third issue relates to the trial court granting more relief than sought by appellees, but does not expand any further on this issue. Rather, appellant's third issue argues the statute of limitations and laches, as addressed in this memorandum opinion.

not prove when an actual controversy came into existence between appellants and the Beelers. *See In re Estate of Denman*, 362 S.W.3d 134, 144–45 (Tex. App.—San Antonio 2011, no pet.) (Stating that the party asserting an affirmative defense based on the statute of limitations must prove: "(1) the date on which the limitations period commenced . . ., and (2) that the plaintiff filed its peititon outside the applicable limitations period")*.*

Regardless, the Beelers intervened when appellants filed a supplemental petition alleging that Platinum's mineral liens attached to the property and "survive[d] forfeiture of [the] leasehold." Appellants' supplemental petition specifically alleges that: "Platinum's liens are claimed against the 'land, leasehold interest, oil or gas pipeline, or oil and gas right-of-way' and against any pooled unit." Appellants do not present any argument or support establishing that as a matter of law the Beelers' petition was filed and the the issues raised in for declaratory judgment therein arose more than four years after the controversy arose. *See id*. Appellants' third issue is overruled.

## III.     CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Delivered and filed on the
13th day of January, 2022.

8